# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01010-LTB-KLM

GARY FOX, an individual,

    Plaintiff,

SECURITAS SECURITY SERVICES USA, INC. a Delaware Corporation; and
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation,

    Involuntary Plaintiffs,

v.

K-MART CORPORATION, a Michigan Corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

    Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information, and, as grounds thereof, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this

Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information. Confidential Information that has been requested thus far include materials contained within the personnel file of Plaintiff Gary Fox and the Securitas Security Services USA, Inc. Security Guard Handbook. These materials contain confidential personal information of Mr. Fox and proprietary and trade secret materials of Securitas Security Services, USA, Inc.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery response; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and access to the Confidential Information is restricted to the following persons:

    (i)    Plaintiffs and Involuntary Plaintiffs and their counsel of record in this litigation;

    (ii)    Defendants and their counsel of record in this litigation;

    (iii)    Expert witnesses and consultants who are directly employed or retained in connection with this action, but only to the extent that such disclosure is necessary to enable them to perform the services for which they are retained. All such expert witnesses and consultants to whom such disclosure is made shall [affirm] that the Confidential Information is not to be disclosed by them to anyone else or to be used for any purpose other than trial preparation, trial or appeal of this action. [KLM]

    (iv)    Secretaries, paralegals and other persons regularly employed in the offices of the undersigned counsel;

    (v)    Any person whose testimony is taken in deposition or at trial, except that those persons may only be shown the marked copies of Confidential Information during their testimony and may not retain any Confidential Information.

    (vi)    The Court and jurors during trial.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

7.    During the pendency of this action, opposing counsel may request information and a court order to establish the source of an unauthorized disclosure of Confidential

Information.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.  During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.

13.  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.  Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

15.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this _15TH_ day of _December_, 200_.

BY THE COURT:

_Kurt J. M[illegible]_
UNITED STATES DISTRICT COURT
United States Magistrate Judge

STIPULATED AND AGREED TO:


s/Rick Hull
Rick Hull, #17853
HULL & ZIMMERMAN, P.C.
2921 W. 120th Avenue, Suite 220
Denver, CO 80234
*Attorneys for Plaintiff Gary Fox*



s/Conor D. Farley
Conor D. Farley, #38999
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, CO 80205
*Attorneys for Involuntary Plaintiffs*
*Securitas Security Services USA, Inc., and*
*Indemnity Insurance Company of North America*



s/Kevin G. Ripplinger
Stephen G. Baity, #13137
Kevin G. Ripplinger, #35165
GODIN & BAITY, LLC
1050 17th Street, Suite 1610
Denver, CO 80265
*Attorneys for Defendant K-Mart Corporation*



***Original signatures on file at the offices of***
***White and Steele, P.C.***